**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 10-Civ-62332-COOKE/TURNOFF**

NOBLE RODERICK COLEBROOK-EL,

        Plaintiff,

v.

INTERNAL REVENUE SERVICE,
DEBRA HURST,
BETH JONES

        Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CASE is before me on the United States of America's Motion to Dismiss. (ECF No. 9). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in the Order, the United States of America's Motion to Dismiss is granted.

### I. BACKGROUND

The Plaintiff, Noble Roderick Colebrook-El, alleges that Defendants, Internal Revenue Service's ("IRS") and its agents, Debra Hurst and Beth Jones's, attempt to collect his federal tax debt violated his Constitutional rights, the Moroccan Treaty, and several other Acts of Congress. The factual allegations contained in the Complaint, titled "Affidavit and Petition and Injunction and Order of Protection," are at times indiscernible and largely irrelevant to the issues in this case. Plaintiff appears to allege that the IRS, a federal "corporate" agency, lacks the requisite statutory authority to collect taxes from him due to his status as a United States citizen who is a

Moor of Cherokee descent.  Plaintiff owes $19,566.36 in unpaid taxes.  Plaintiff seeks to enjoin the IRS from collecting the taxes owed, to have any and all levies lifted, and to be reimbursed for all court costs associated with this action.

The United States moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted.  The United States argues that (i) the Anti-Injunction Act, 26 U.S.C. § 7421(a)), bars Plaintiff's suit; (ii) the United States is shielded by sovereign immunity and it has not consented to be sued; and (ii) Plaintiff's suit is patently frivolous. The United States also moves to dismiss the named defendants as parties erroneously named in the suit because the United States of America is the only real party in interest.

## II. LEGAL STANDARDS

A motion to dismiss is granted only if Plaintiff's complaint, with all factual allegations accepted as true, "raise[s] a right to relief above the speculative level."  *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 545 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct."  *Id*.  While plausibility is not the same as probability, this new plausibility standard asks for more than a "sheer possibility that defendant acted unlawfully." *Id*.  Accordingly, Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Id*. While Rule 8 does not require detailed factual allegations, the "well-pled allegations must nudge

the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).

A litigant's pro se status must be considered alongside the *Twombly* and *Iqbal* pleading requirements. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. While pro se pleadings are held to a less strict standard than those drafted by lawyers, "this liberal construction 'does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Giles v. Wal-Mart Distrib. Ctr.,* 359 Fed. Appx. 91, 93 (11th Cir. 2008) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Pro se litigants are still required to follow the Federal Rules of Civil Procedure. *Giles*, 359 Fed. Appx. at 93.

Under Rule 12(b)(1), an attack on subject matter jurisdiction can take the form of either a facial or factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990). "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id*. at 1529 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)) (internal quotations omitted). On the other hand, factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. Facial attacks are afforded safeguards similar to those of a 12(b)(6) motion in that "the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529.

3

### III. ANALYSIS

**A. Dismissal is Appropriate as to Improperly Named Defendants**

The United States asserts that the IRS, Debra Hurst, and Beth Jones are improperly named as defendants and should be dismissed from this action.  The IRS is not an entity that can be sued because "the Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued *eo nomine*." *Castleberry v. Alcohol, Tobacco & Firearms Div. of U.S. Treasury Dep't*, 530 F.2d 672, 673 n.2 (5th Cir. 1976).  When a plaintiff sues the IRS, as here, the proper approach is to treat the action as one brought against the United States.  *Reppert v. I.R.S.*, No. 09-16307, 2011 WL 1057076, at *1 n.1 (11th Cir. Mar. 24, 2011); *Brewer v. Comm'r*, 435 F. Supp. 2d 1174, 1179 (S.D. Ala. 2006) ("[W]hen a plaintiff files an action seeking to restrain the collection of taxes, the United States is the real party in interest and the proper defendant in the action." (citing *Frasier v. Hegeman*, 607 F. Supp 318, 322 (N.D.N.Y. 1985))).  Employees of the IRS are also not proper defendants. "Absent a waiver, sovereign immunity shields the federal government and its agencies from suit." *JBP Acquisitions, LP v. United States*, 224 F.3d 1260, 1263 (11th Cir. 2000).  Sovereign immunity generally extends to protect employees of those agencies who are sued in their official capacity.  *See Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir. 2000).  Thus, a court must treat a suit against an IRS employee as an action brought against the United States. *Brewer*, 435 F. Supp. 2d at 1179 (citing *Dugan v. Rank*, 372 U.S. 609 (1963)).  Here, Plaintiff improperly names the IRS and two of its employees as defendants.  The United States is the real party in interest.  Therefore, the IRS, Debra Hurst, and Beth Jones are dismissed as improperly named defendants.

**B. This Court Lacks Subject Matter Jurisdiction Over This Action**

Pursuant to Rule 12(b)(1), the United States asserts a facial attack on Plaintiff's Complaint, arguing that it fails to sufficiently allege a basis of subject matter jurisdiction. The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The statute effectively strips a court of subject matter jurisdiction to hear a petition to enjoin the Government from assessing or collecting taxes. A limited judicial exception to the Act exists wherein a court may issue an injunction against federal tax collection when a plaintiff can demonstrate that (1) the government cannot prevail under any circumstances, and (2) no other equitable remedy exists. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). The United States correctly points out that Plaintiff does in fact have other remedies available to him. Specifically, he can pay the taxes due and then seek a refund of any overage paid. Plaintiff's factual allegations indicate that he has not availed himself of this remedy, so the exception does not apply. After sifting through the Complaint's verbosity, it is clear that Plaintiff asks for nothing more than an injunction against the assessment and collection of federal taxes owed. The Anti-Injunction Act bars such a claim for relief. This Court therefore lacks subject matter jurisdiction over this action.[1]

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. The United States of America's Motion to Dismiss (ECF No. 9) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED with prejudice**.

---

[1] The United States also argues that the Plaintiff's Complaint should be dismissed on the grounds that the government is shielded from suit by sovereign immunity, that immunity has not been waived, and that the Plaintiff's allegations are patently frivolous. I need not address those arguments, as I find that this Court has no subject matter jurisdiction over this action.

3. The Clerk is directed to **CLOSE** this case.

4. All pending motions are **DENIED** as moot.

    **DONE and ORDERED** in chambers at Miami, Florida, this 27TH day of April 2011.


*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

6